[Cite as *Wagner v. Ohio Dept. of Job and Family Servs.*, 2012-Ohio-2286.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JANE WAGNER

      Appellant

      v.

OHIO DEPARTMENT OF JOB AND
FAMILY SERVICES

      Appellee

C.A. No.     26147

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011-06-3180

DECISION AND JOURNAL ENTRY

Dated: May 23, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} Jane Wagner applied for unemployment benefits after the school she worked for terminated her because of a lack of work. A couple of days after she submitted her application, the Ohio Department of Job and Family Services emailed her a request for additional information. According to Ms. Wagner, she did not receive the request because the agency had the wrong email address on file for her. When the agency did not receive the additional information, it processed her application and allowed her benefits that were limited to the school year. It emailed its eligibility determination to Ms. Wagner, who, allegedly, did not receive it. By the time Ms. Wagner learned that the agency had made a determination and filed an appeal, she had missed the 21-day appeal deadline. Following a hearing, a hearing officer denied her appeal as untimely, and the Unemployment Compensation Review Commission disallowed her request for review. She appealed to the Summit County Common Pleas Court, but it upheld the

Commission's decision. She has appealed the common pleas court's decision, arguing that the Commission incorrectly concluded that her appeal from the Department's eligibility determination was untimely. We reverse because the Department was required to send its determination by regular mail and the record does not establish that Ms. Wagner knowingly waived that right.

## UNEMPLOYMENT DETERMINATION APPEAL DEADLINE

{¶2} Ms. Wagner's assignment of error is that the common pleas court incorrectly affirmed the Commission's decision. She has argued that the Commission incorrectly concluded that the deadline for her appeal was not subject to extension under Section 4141.28.1(D)(9) of the Ohio Revised Code. She has also argued that the court incorrectly concluded that the Commission's decision was supported by competent, credible evidence.

{¶3} Under Section 4141.28.1(A) of the Ohio Revised Code, "[a]ny party notified of a determination of benefit rights or a claim for benefits determination may appeal within twenty-one calendar days after the written determination was sent to the party or within an extended period as provided under division (D)(9) of this section." Section 4141.28.1(D)(9) provides, in part, that, "[if] an interested party provides evidence, which evidence may consist of testimony from the interested party, that is sufficient to establish that the party did not actually receive the determination or decision within the applicable appeal period under this section, and the director or the commission finds that the interested party did not actually receive the determination or decision within the applicable appeal period, then the appeal period is extended to twenty-one days after the interested party actually receives the determination or decision." Section 4141-27-10(A) of the Ohio Administrative Code further provides that "[a]n appeal filed pursuant to section 4141.281 of the Revised Code is timely filed if filed within twenty-one calendar days

after the director's notice of determination or redetermination was sent to the interested party's last known post office address."  "In determining whether an appeal . . . was filed timely, the director and the unemployment compensation review commission shall take administrative notice of and accept the 'date mailed' appearing on the notice of determination or redetermination as sufficient evidence to establish the date on which the determination or redetermination was sent."  Ohio Admin. Code 4141-27-10(B); *see also* R.C. 4141.28.1(D)(1) ("The date of the mailing provided by the director or the commission is sufficient evidence upon which to conclude that a determination, redetermination, or decision was sent to the party on that date.").

{¶4}    At a hearing before the Unemployment Compensation Review Commission, Ms. Wagner testified that she did not receive the emails that the Department attempted to send to her regarding its request for additional information and its eligibility determination.  The hearing officer, however, did not decide Ms. Wagner's case on the basis of whether she received the emails.  She noted, instead, that, if a determination contains the "date of mailing," there is sufficient evidence to establish that the determination was sent on the specified day.  R.C. 4141.28.1(D)(1); Ohio Admin. Code 4141-27-10(B).  She noted that the Department's eligibility determination indicated that it had been "issued" on "September 29, 2010," and found that the Department had "sent [it] to the last known address of [Ms. Wagner]" that same day.  Accordingly, the reason that the hearing officer determined that Ms. Wagner's appeal was untimely was because she found that Ms. Wagner had received the eligibility determination by regular mail.  The Commission disallowed Ms. Wagner's request for review without explanation.

{¶5}    In its brief to the common pleas court, the Department conceded that it had only sent its determination to Ms. Wagner by email, arguing that "it was [Ms. Wagner's] decision to

receive all notifications via e-mail," that "[s]he chose not to receive correspondence via the postal service," and that "[t]he [Department] did its full duty when it sent her the determination to the e-mail address which she provided." It has repeated those statements in its brief to this court. The Department, however, has not directed this Court to any statutory or regulatory provision that allows it to send a determination of benefit eligibility by electronic mail. Rather, Section 4147-27-10(A) of the Ohio Administrative Code specifically provides that an applicant's time to appeal begins after the determination "was sent to the interested party's last known post office address."

{¶6} The Department has argued that Ms. Wagner waived her right to receive notices by regular mail. Assuming Ms. Wagner's consent could alter Section 4147-27-10(A), there is no evidence in the record to support the Department's assertion. While the record indicates that Ms. Wagner applied for unemployment compensation benefits by telephone and contains a summary of the conversation, the only indication that she agreed to receive notices by email is a line for "Correspondence:" that says "E-mail." That one word is insufficient, however, to establish that Ms. Wagner knowingly waived her right to have the Department's eligibility determination sent to her post office address, as required under Section 4141-27-10(A).

{¶7} The principles of due process apply to applications for unemployment compensation benefits. *Howard v. Electronic Classroom of Tomorrow*, 10th Dist. No. 11AP-159, 2011-Ohio-6059, at ¶ 15. Although the burden of persuasion remains always on the discharged employee, "the burden of proof of some single fact . . . lies on the person who wishes the court to believe in its existence . . . ." *Silkert v. Ohio Dep't of Job and Family Servs.*, 184 Ohio App. 3d 78, 2009-Ohio-4399, at ¶ 26 (2d Dist.). In this case, the Department did not present sufficient evidence to prove that Ms. Wagner waived her right to receive eligibility

determinations by regular mail. Accordingly, in light of the fact that the Department has conceded that it only emailed its determination to Ms. Wagner, we conclude that the hearing officer's conclusion that the Department sent the determination by regular mail is not supported by competent, credible evidence. Ms. Wagner's assignment of error is sustained.

CONCLUSION

{¶8}    The Department of Job and Family Services conceded that it only sent its benefits eligibility determination to Ms. Wagner by email and failed to establish that she waived her right to receive the determination by regular mail. Because Ms. Wagner's time for appeal runs from the date the agency sent its determination to her post office address, the Commission incorrectly concluded that her appeal was untimely. The judgment of the Summit County Common Pleas Court is reversed, and this matter is remanded with instructions for the Ohio Department of Job and Family Services to review Ms. Wagner's benefits eligibility appeal on the merits.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

6

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

    Costs taxed to Appellee.

 

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

MICHAEL A. CREVELING, Attorney at Law, for Appellant.

MICHAEL DEWINE, Attorney General, and LAUREL BLUM MAZOROW, Assistant Attorney General, for Appellee.